DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Francisco M. Felix has appealed from his conviction and sentence in the Summit County Common Pleas Court following a guilty plea to charges of conspiracy to engage in a pattern of corrupt activity. We affirm.
On December 23, 1997, the Summit County Grand Jury indicted defendant on three related counts: possession of marijuana, engaging in a pattern of corrupt activity, and conspiracy to engage in a pattern of corrupt activity. On February 27, 1998, defendant pleaded guilty to conspiracy to engage in a pattern of corrupt activity.
At the sentencing hearing, the State recommended a six-year prison term, pursuant to plea negotiations with defendant. Before sentencing him, the trial court asked defendant if he understood that, if it accepted the State's recommendation, it would sentence him to serve a six-year prison term. Defendant answered that he understood the consequences of his guilty plea. The trial court then sentenced defendant to prison for a definite term of six years, imposed a $7,500 fine, and charged him with all prosecution costs. The trial court dismissed the remaining counts.
Defendant timely appealed to this Court. He has raised three assignments of error. We begin by addressing defendant's third assignment of error:
 The court's finding, in its journal entry of sentence, that appellant's offense is subject to a mandatory prison term, is clearly erroneous.
Defendant has argued that the trial court incorrectly sentenced him because it found that his prison term was mandatory. According to defendant, the Ohio Revised Code does not require his term to be mandatory and, therefore, the trial court's journal entry prevents him from obtaining any form of early release, such as judicial release pursuant to Section 2929.20 of the Ohio Revised Code, sentence reduction pursuant to Section 2967.193, or electronically monitored early release pursuant to Section 5120.071.
According to the trial court's entry, defendant was "committed to the Ohio Department of Rehabilitation and Corrections for a definite term of Six (6) years, which is a mandatory term pursuant to O.R.C. 2929.13(F), 2929.14(D)(3), or2925.01[.]" The State has conceded that defendant's sentence was not mandatory. It has argued, however, that the trial court's use of the word "mandatory" was an "immaterial mistake." According to the State, because defendant's sentence was not mandatory, the trial court's use of that term can be ignored. As such, the State has claimed that defendant was not prejudiced. We agree.
First, defendant is not prohibited from obtaining any form of early release. The trial court's journal entry sentencing defendant to a mandatory term was erroneous, and the State has conceded as much. Defendant was not sentenced to a mandatory prison term and any language in the trial court's journal entry to that affect can be disregarded. See Section 2953.08(G)(1)(d) of the Ohio Revised Code. Defendant, therefore, is eligible for the various early release programs provided by the Ohio Revised Code. Second, defendant has not yet moved for that type of relief. Consequently, he has not been denied any form of early release and, as a result, has suffered no prejudice. Defendant's third assignment of error is, therefore, overruled.
Defendant's first assignment of error is:
 The court failed to substantially comply with Rule 11(C)(2) and Rule 11 [(C)] (2)(a), Ohio Rules of Criminal Procedure, in that it failed to inform [defendant] that he was entering a plea of guilty to an offense requiring a mandatory prison time.
Defendant has argued that the trial court violated Rule 11 of the Ohio Rules of Criminal Procedure when it determined that a mandatory sentence was required by law, but failed to inform him that, because of the mandatory sentence, he was ineligible for any form of early release. Defendant has asked this court to vacate his guilty plea.
Inasmuch as we have held that defendant's prison term was not mandatory, defendant is not ineligible for early release. The trial court was not, therefore, required to inform him that he was ineligible for early release and did not violate Rule 11 of the Ohio Rules of Criminal Procedure. Defendant received the sentence that he had expected to serve pursuant to plea negotiations. His first assignment of error is overruled.
Defendant's second assignment of error is:
 The court's finding, in its journal entry of sentence, that the accused had a "prior record" is wrong and unsupported by the record.
Defendant has argued that the trial court incorrectly found that he had previously been convicted and improperly used that prior conviction to conclude that a prison term, rather than community control, was appropriate in his case. In response to defendant's argument, the State has conceded that he had no "prior record." However, it has argued that defendant was not prejudiced by this finding because his sentence was exactly what he had knowingly, voluntarily, and intelligently agreed to serve.
We agree with the State that defendant suffered no prejudice from the trial court's finding that he had a "prior record." It appears from the sentencing transcript that defendant expected to serve a six-year prison term. The trial court sentenced defendant to that term. The fact that the trial court incorrectly found that defendant had a "prior record" did not prejudice him because he received no greater sentence than he expected. Defendant's second assignment of error is overruled.
Defendant's assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file-stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to the appellant.
Exceptions.
MARY CACIOPPO
FOR THE COURT
SLABY, P. J.
QUILLIN, J. CONCUR
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6(C), Article IV, Constitution.)